## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LUIS MOYETT, LUDIDA PR, INC.,  DDL JERICO SE, | * | |
| | * | |
| | * | |
| Petitioners, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| UBS FINANCIAL SERVICES, INC., and UBS FINANCIAL SERVICES, INC. OF PUERTO RICO, | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| Respondents. | * | |

### PETITION TO CONFIRM ARBITRATION AWARD

Pursuant to 9 U.S.C. §§ 9 and 13, Petitioners, Luis Moyett, Ludida PR, Inc., and DDL Jerico SE, ("Petitioners") hereby petition the Court for an Order and Final Judgment confirming the Arbitration Award in the matter *Luis Moyett, Ludida PR, Inc., and DDL Jerico SE, v. UBS FINANCIAL SERVICES, INC., et al.*, FINRA No. 15-01833, a true and correct copy of which is attached as **Exhibit A** hereto ("Arbitration Award").

## PARTIES, JURISDICTION AND VENUE

1. This Petition is made pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq.

2. Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While the FAA does not "bestow. . .federal jurisdiction but rather requires an independent jurisdictional basis,", *see, e.g., Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008), federal courts "look through" FAA petitions to the underlying arbitral claims in order to determine the existence of federal subject matter jurisdiction. Where the underlying claims arise under federal law, federal question jurisdiction exists under 28 U.S.C. § 1331. *See generally Ortiz-Espinosa v. BBVA Secs. of P.R., Inc.*, 852 F.3d 36 (1st Cir. 2017); *Morgan Keegan & Co. v. Shadburn,* 829 F. Supp. 2d 1141, 1142-43 (M.D. Ala. 2011); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009).

3. Here, federal subject matter jurisdiction exists because Petitioners asserted arbitral causes of action arising under federal laws, such as the securities claim arising under Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C. § 77/(a)(2), in their Statement of Claim, as recognized

by the Arbitrators' Award. *See* Exhibit A.   Because Petitioners' arbitral claims arose in part under the federal securities laws, this Court has subject matter jurisdiction over this Petition to Confirm Arbitration Award under the "look through" test.

4.     This Court has personal jurisdiction over the parties, pursuant to Section 9 of the FAA because the Award was made in this district.

5.     This Court is a proper venue for this proceeding pursuant to the   FAA, 9 U.S.C. § 9,   because   the arbitration proceedings   took   place in Fulton County, Georgia and because the parties agreed that "a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment" as set forth in the Financial Industry Regulatory Authority ("FINRA") Arbitration Submission Agreement.

## BACKGROUND

6.     Petitioners entered into Client Relationship Agreements "(Agreement") with UBS Financial Services, Inc and UBS Financial Services of   Puerto   Rico,   Inc   (collectively   "UBS")   which   included   a mandatory arbitration provision   requiring arbitration of   any   disputes

between the parties under the rules of the FINRA. A copy of the Agreement is attached hereto as Exhibit B.

7.    Petitioners filed a claim regarding UBS's recommendations of an investment strategy that concentrated in Puerto Rico closed end funds and Puerto Rico bonds. Petitioners filed their claims in FINRA Arbitration pursuant to the Agreement, alleging breach of fiduciary duty, fraud, and violation of the Securities Act of 1933, in addition to various other claims. *See* Exhibit A.

8.    The parties submitted their dispute under the Agreement to arbitration before a FINRA Panel, which arbitration was conducted pursuant to the FINRA Code of Arbitration for Customer Disputes and the provisions of the FAA.

9.    After thirty-five hearing sessions, during which 15 witnesses testified, including numerous UBS representatives and three expert witnesses, the introduction of in excess of 220 exhibits, the submission of pleadings, pre-hearing briefs and post-hearing materials, the Panel decided in full and final resolution of the issues submitted for determination.

10.    On October 19, 2018 the FINRA arbitration Panel issued and served its unanimous Arbitration Award in favor of Petitioners, a copy of

which is attached hereto as Exhibit A.  The Arbitration Award specified a joint and several money damage award against Respondents jointly and severally in favor of Petitioners.

11.    The Arbitration Award granted Petitioners the amount of $14,909,019.00 in compensatory damages, including 5% post-award interest on the amount of compensatory damages awarded (commencing on the date of the Arbitration Award and continuing until the compensatory damages Award is paid in full), attorneys' fees in the amount of $3,878,344.94, costs in the sum of $215,557.00 and the sum of $750.00, representing the non-refundable portion of the initial claim filing fee previously paid by Claimants to FINRA Office of Dispute Resolution. *See* Exhibit A.

12.    This Court should confirm the Arbitration Award, dated October 19, 2018, and enter judgment in favor of Petitioners and against Respondents pursuant to 9 U.S.C. § 9.

13.    The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, et seq., governs confirmation of arbitration awards and "imposes a heavy presumption in favor of confirming arbitration awards . . . therefore, a court's confirmation of an arbitration award is usually routine or

summary." *Cat Charter, LLC v. Shurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002). Section 9 of the FAA provides that at any time within one year after the arbitration award is made, any party to the arbitration may apply to the court for an order confirming the award. Section 9 further provides that the court must enter an order confirming the arbitration award unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of the Federal Arbitration Act. This Petition to Confirm is timely brought within one year of the date that the FINRA Arbitration Award was issued. The Arbitration Award has not been vacated or modified.

14.    "The FAA presumes that arbitration awards will be confirmed and enumerates only four narrow bases for vacatur." *Davis v. Prudential Secs., Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995). Indeed, "Section 9 of the FAA provides that . . . the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (italics in original). Here, there are no bases for vacating, modifying, or correcting the award. Thus, the unanimous Arbitration Award is clear and unambiguous and should be confirmed.

*PRAYER FOR RELIEF*

WHEREFORE, Petitioners respectfully requests that the Court enter an Order confirming the Arbitration Award in the matter and directing the entry of final judgment in favor of Petitioners and against Respondents jointly and severally as follows:

1. Judgment in the amount specified by the Arbitration Award, including:

      a. Damages in the amount of $ 14,909,019.00;

      b. Interest on the $ 14,909,019.00 from the date of the Award in the amount of 5% per annum; and

      c. Attorneys' fees in the amount of $3,878,344.94;

      d. Costs in the sum of $215,557.00;

      e. Reimbursement of $750.00, representing the non-refundable portion of the initial claim filing fee previously paid by Petitioners to FINRA Office of Dispute Resolution; and

2. Such other and further relief as the Court may deem just, fair, and equitable, including such other costs and fees related to this action as may

be contemplated by and recoverable under Rule 54 of the Federal Rules of

Civil Procedure.

Dated:  October 19, 2018

/s/ Jason R. Doss
Jason R. Doss
Georgia Bar No. 227117
The Doss Firm, LLC
36 Trammell Street, Suite 101
Marietta, Georgia 30064
(770) 578-1314 (Telephone)
(770) 578-1302 (Facsimile)
jasondoss@dossfirm.com

and

Peter J. Mougey, Esq. (*pro hac* to be filed)
LEVIN, PAPANTONIO, THOMAS
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Telephone: (850) 435-7068
Facsimile: (850) 436-6068
mailsec@levinlaw.com

*Attorneys for Petitioners*